NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1185

MILLY MARTINEZ

vs.

PARKING CLERK OF BOSTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Milly Martinez was issued a parking citation (citation) for parking in a loading zone on Boylston Street in Boston (city). A hearing officer upheld that citation after an administrative hearing at the office of the parking clerk (agency), and Martinez subsequently sought judicial review in the Superior Court.  See G. L. c. 30A, § 14.  The parties filed cross-motions for judgment on the pleadings, see Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974), and after a hearing, the motion judge ruled in favor of the agency.  We affirm.

Discussion.  1.  Standard of review.  We review both the judge's ruling on Martinez's motion for judgment on the pleadings, and the hearing officer's conclusions of law, de

novo.[1]  See Barron v. Kolenda, 491 Mass. 408, 415 (2023), citing Mullins v. Corcoran, 488 Mass. 275, 281 (2021) (judgment on pleadings); Zoning Bd. of Appeals of Milton v. HD/MW Randolph Ave., LLC, 490 Mass. 257, 262 (2022), citing Craft Beer Guild, LLC v. Alcoholic Beverages Control Comm'n, 481 Mass. 506, 512 (2019) (conclusions of law).  We then review the hearing officer's decision using the standards set forth in G. L. c. 30A, § 14 (7).  See G. L. c. 90, § 20A 1/2.  According to those standards, "a final administrative agency decision will be set aside if, among other grounds, it is '[u]nsupported by substantial evidence,' G. L. c. 30A, § 14 (7) (e), or '[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law,' G. L. c. 30A, § 14 (7) (g)." Commissioner of Admin. & Fin. v. Commonwealth Employment Relations Bd., 477 Mass. 92, 95 (2017).  "Substantial evidence [is] such evidence as a reasonable mind might accept as adequate to support a conclusion.  The applicable standard of review is highly deferential to the agency and requires the reviewing court to accord due weight to the experience, technical

_____

[1] Under this standard, we do not give deference to the motion judge's determinations.  See Caron v. Horace Mann Ins. Co., 466 Mass. 218, 221 (2013).  We therefore need not and do not address Martinez's objection to the motion judge's specific conclusions, or to the judge's reference to the effect of a "no stopping anytime" sign in the area in which Martinez was ticketed for the loading zone violation.

competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotations and citation omitted). Cave Corp. v. Conservation Comm'n of Attleboro, 91 Mass. App. Ct. 767, 773-774 (2017). We will thus affirm a finding of the board unless the administrative record "points to an overwhelming probability of the contrary" (citation omitted). Anderson v. Commonwealth Employment Relations Bd., 73 Mass. App. Ct. 908, 910 (2009).

2. Martinez's arguments. a. Arguments not raised before hearing officer. Martinez's appellate brief, like her motion before the Superior Court judge, includes arguments that were not raised before the hearing officer.[2] Although some or all of these arguments were presented to the motion judge in the Superior Court, they are not properly before us on appeal, and we do not address them. See Doucette v. Massachusetts Parole Bd., 86 Mass. App. Ct. 531, 535 (2014), citing Catlin v. Board of Registration of Architects, 414 Mass. 1, 7 n.7 (1992); Rico's of the Berkshires, Inc. v. Alcoholic Beverages Control Comm'n, 19 Mass. App. Ct. 1026, 1026 (1985), citing G. L. c. 30A, § 14 (5).

---

[2] These include arguments about the application of G. L. c. 85, § 2, and the Manual on Uniform Traffic Control Devices, to the merits of Martinez's challenge to the citation.

3

b. _Preserved arguments_. The thrust of Martinez's appeal is that the hearing officer erred as a matter of law in affirming the citation, as a single sign facing away from oncoming traffic was the only indication of the loading zone parking prohibition where Martinez was ticketed.[3] We are not persuaded.

The city's parking rules require "at least one (1) regulatory sign marking the limits of [a loading zone]," Traffic Rules and Regulations, City of Boston (2012) (City Parking Rules), Art. I, § 1, and provide that "[a] parking restriction, which is indicated by the placement of an Official Traffic Sign shall continue in effect until . . . [t]he end of the block." City Parking Rules, Art. IV, § 16(2)(c). On appeal, Martinez "does not deny that when she parked at Boylston St[reet], she [saw] . . . the back side of a regulatory sign." She likewise does not deny that the sign was, although "far away," posted on the block on which she parked. We discern no error in the hearing officer's conclusion that a single sign on the block where Martinez was parked met the minimum requirements for

---

[3] Martinez does not appear to challenge the determination that the area in which she was parked was, in fact, a loading zone at the time the citation was issued. To the extent that Martinez does make that argument, she has not rebutted the prima facie evidence of the violation established by the citation itself. See G. L. c. 90, § 20A 1/2.

4

marking the loading zone. See City Parking Rules, Art. I, § 1, and Art. IV, § 16(2)(c).

Similarly, the hearing officer did not act arbitrarily or capriciously, or commit an error of law, in concluding that Martinez's parking in the loading zone was not excused by the fact that the relevant sign was mounted to face away from oncoming, one-way traffic on Boylston Street, rather than toward or parallel with it. From Martinez's testimony at the hearing, the hearing officer could have found that the sign was visible to Martinez once she had parked.[4] Likewise, the hearing officer could have found that Martinez saw the sign (even if she did so after passing it and parking farther up the same block) and simply ignored it or misinterpreted its importance. Where the city's parking rules place the onus on the driver to ensure parking is permitted in the spot the driver chooses, as the rules do here, the hearing officer acted permissibly. See City Parking Rules, Art. III, § 3 ("The driver of any vehicle . . . shall obey the instructions of any official traffic control sign"), and Art. IV, § 16(2)(c). See also Ten Local Citizen Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010) (absent appellant's demonstration of error under G. L. c. 30A, § 14, appellate court defers to agency decision).

---

[4] We infer that the hearing officer so found.

Additionally, the record does not support Martinez's contention that the hearing officer failed to review the video recording and photographs that Martinez presented at the administrative hearing. It is apparent from the hearing transcript that Martinez presented her evidence to the hearing officer, and that the hearing officer reviewed at least some of that evidence with Martinez during the brief hearing.

Martinez has also failed to point to any evidence, other than the hearing officer's adverse ruling, to support her claim that the hearing officer was biased against her and in favor of the city.[5] See Passero v. Fitzsimmons, 92 Mass. App. Ct. 76, 83 (2017), quoting Liteky v. United States, 510 U.S. 540, 555 (1994) ("'judicial rulings alone . . . constitute a valid basis for a bias or partiality motion' . . . only 'in the rarest circumstances' where they 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible'").

Moreover, Martinez's evidence showing that the city changed the signage on the portion of Boylston Street on which she was ticketed after the citation issued in her case did not establish

---

[5] We pause to note, as did the motion judge, that the hearing transcript reveals that the hearing officer "was not patient and perhaps lacked courtesy." In our view, Martinez's (albeit unfounded) concerns about potential bias might well have been allayed by more professional behavior on the part of the hearing officer.

that the signs in place when Martinez was ticketed failed to comply with the relevant regulations.  The city's parking rules established the minimum requirements for signage and, as we have explained, the hearing officer was within her authority to conclude that the city met those minimum requirements here.

Finally, Martinez's arguments that the hearing officer's and motion judge's rulings caused her emotional distress, resulted in damage to her reputation, or amounted to "libel" do not rise to the level of appellate argument, and we do not consider them.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  The same is true of Martinez's suggestion that the signs on Boylston Street are ineffective because they may be blocked by trucks using the loading zone.

Judgment affirmed.

By the Court (Rubin, Hand & Brennan, JJ.[6]),

Clerk

Entered:  December 31, 2024.

_____

[6] The panelists are listed in order of seniority.

7